IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONG WANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 326-034 |
| | ) | |
| WARDEN JODY YANCEY, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, currently detained in the McRae Women's Facility in McRae, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

I.     **BACKGROUND**

On May 29, 2026, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed, which was not submitted on the standard form petition, and which was signed by Peace Lea Weaver as next friend of Petitioner, not by Petitioner Dong Wang. (See doc. no. 1.) Accordingly, on May 29, 2026, the Court ordered Petitioner to submit an amended petition personally signed by her on the appropriate form. (Doc. no. 2.) The Court directed the Clerk of Court to attach a copy of the standard petition for writ of habeas corpus under § 2254. (Id. at 3-4.) The Court cautioned Petitioner she must submit the amended petition within fourteen days and failure to do so would result in a recommendation of dismissal. (Id. at 4.)

The time to respond to the Court's May 29th Order has passed, and Petitioner has not submitted an amended § 2254 petition, much less has she submitted one signed by her personally. Therefore, dismissal without prejudice is appropriate.

## II.   DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to submit an amended petition, or even to provide the Court with an explanation for her failure to comply with the May 29th Order, amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Petitioner that a failure to respond would result in a recommendation for dismissal. Because the Petitioner has not submitted an amended petition, the petition is subject to dismissal for Petitioner's failure to comply with the

Court's May 29th Order.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA